**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ━━━━━━━━━━━━━━━━━━━━━━━━━━ ) | |
| DANIEL MJEMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 11-1244 (EGS) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ━━━━━━━━━━━━━━━━━━━━━━━━━━ ) | |

<u>**MEMORANDUM OPINION**</u>

This case is before the Court on defendant the United States of America's Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff Daniel Mjema filed a complaint on July 7, 2011, alleging that he was injured when United States Postal Service ("USPS") employee Janet Binger acted negligently in operating her motor vehicle during the course of her employment. Defendant moved to dismiss, arguing that plaintiff's failure to file an administrative complaint within two years of the accrual of his claim as required by the Federal Tort Claims Act ("FTCA") deprived this Court of subject matter jurisdiction. Upon consideration of defendant's motion, the response and reply thereto, the applicable law, the entire record, and for the reasons set forth below, the Court hereby **GRANTS** defendant's motion to dismiss.

I.    **BACKGROUND**

On December 15, 2005, plaintiff and Ms. Binger were
involved in an automobile accident in Bedford, Virginia.   Compl.
¶¶ 5-8.   Plaintiff alleges that the accident was caused by the
negligence of Ms. Binger, who was at all times acting within the
scope of her employment for the United States Postal Service.
*Id.* ¶¶ 7-9.

On October 15, 2007, plaintiff filed an action against Ms.
Binger in the Circuit Court for Bedford County, Virginia.   Pl.'s
Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 3.   On August
27, 2009, the USPS sent a letter to plaintiff's counsel stating
that Ms. Binger had been acting within the course and scope of
her federal employment as a rural mail carrier on December 15,
2005 and that, accordingly, the FTCA applied to plaintiff's
case.   Pl.'s Opp. Ex. 1 at 1.   The USPS stated that the FTCA
required plaintiff to file a claim with the USPS within 2 years
of the alleged tort.   *Id.* at 2.   The USPS further stated that
the FTCA required plaintiff to name the United States, rather
than Ms. Binger, as defendant in the action.   *Id.* at 2 (citing
28 U.S.C. §§ 2675, 2679).   Because plaintiff had failed to do
either of these things, the USPS argued, plaintiff's suit was
subject to dismissal.   *Id.*   The USPS requested that plaintiff
voluntarily dismiss the suit "or [the USPS] will be required to
remove the matter to federal court."   Pl.'s Opp. Ex. 1 at 3.

Following his receipt of the USPS letter, nearly four years after the alleged tort, plaintiff provided notice of his claim to the USPS on November 13, 2009.[1]  Compl. ¶ 12.  Plaintiff then voluntarily dismissed the Virginia state court action on November 30, 2009.  Pl.'s Opp. at 3.  On July 7, 2011, plaintiff commenced this action.

**II.   LEGAL STANDARDS**

1. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of establishing that the court has subject-matter jurisdiction to hear his claims.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  "For this reason 'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a

---

[1] On August 16, 2011, the USPS informed plaintiff that the notice of claim he filed on November 13, 2009 was denied because it was filed beyond the 2-year statute of limitations for an action brought under the FTCA.  Def.'s Mot. to Dismiss ("Def.'s Br.") at Ex. 3.  Under the FTCA, however, plaintiff's administrative claim was deemed administratively denied on May 13, 2009, six months after he sent it to the USPS. 28 U.S.C. § 2675(a).  The timing of the denial of plaintiff's administrative claim does not affect the outcome of this motion.

12(b)(1) motion' than in resolving a 12(b)(6) motion for failure
to state a claim." *Id.* at 13-14 (quoting 5A Charles A. Wright &
Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed.
1987)).  Additionally, unlike with a motion to dismiss under
Rule 12(b)(6), the Court "may consider materials outside the
pleadings in deciding whether to grant a motion to dismiss for
lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402
F.3d 1249, 1253 (D.C. Cir. 2005); *see Herbert v. Nat'l Acad. of
Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992) (holding that on a
motion to dismiss under Rule 12(b)(1), a court may consider the
facts alleged in the complaint, supplemented by undisputed facts
evidenced in the record, and disputed facts in the record that
have been resolved by the district court).

  2. Federal Tort Claims Act

    The FTCA, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-
80, waives the United States' sovereign immunity with regard to
certain types of tort claims and is the exclusive remedy in
personal injury cases arising from the negligence of federal
employees acting within the scope of their employment.  28
U.S.C. § 2679(b)(1).  The Act requires plaintiffs to exhaust
their administrative remedies by first presenting their claims
to the appropriate federal agency before instituting a civil
action.  Specifically, it states that:

> An action shall not be instituted upon a claim against
> the United States for money damages for injury or loss
> of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his
> office or employment, unless the claimant shall have
> first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by
> the agency in writing and sent by certified or
> registered mail.  The failure of an agency to make
> final disposition of a claim within six months after
> it is filed shall, at the option of the claimant any
> time thereafter, be deemed a final denial of the claim
> for purposes of this section.

28 U.S.C. § 2675(a).  The Act carries a two-year statute of

limitations and states that "[a] tort claim against the United

States shall be forever barred unless it is presented in writing

to the appropriate federal agency within two years after such

claim accrues . . . . "  28 U.S.C. § 2401(b).

In limited circumstances, an FTCA claim that is not filed

with the appropriate administrative agency within the two-year

limitations period may nonetheless be timely pursuant to 28

U.S.C. § 2679(d)(5).  That section provides:

> Whenever an action or proceeding in which the United
> States is substituted as a party defendant under this
> subsection is dismissed for failure first to present a
> claim pursuant to [the administrative exhaustion
> requirement], such a claim shall be deemed timely
> presented . . . if –
> (A)  the claim would have been timely had it been
>      filed on the date the underlying civil action was
>      commenced, and
> (B)  the claim is presented to the appropriate Federal
>      agency within 60 days of the dismissal of the
>      civil action.

28 U.S.C. § 2679(d)(5).  As the statute makes clear, four things must occur for the exception to apply: 1) a plaintiff must file a civil action within two years of the alleged tort; 2) the United States must be substituted as the defendant; 3) the case must be dismissed for failure to present the tort claim to the administrative agency; and 4) the claim must be presented to the administrative agency within 60 days of the dismissal of the case.

**III. DISCUSSION**

Defendant argues that plaintiff's complaint must be dismissed because plaintiff filed his tort claim with the USPS nearly four years after the alleged tort occurred, exceeding the statute of limitations by nearly two years.  Def.'s Br. at 4. Defendant further argues that the exception set forth in Section 2679(d)(5) does not apply to the plaintiff for two reasons. First, the United States was never substituted as the defendant in the underlying action.  Second, the action was not dismissed for failure to exhaust administrative remedies, but rather due to the voluntary dismissal of the suit by plaintiff.  Defendant argues that plaintiff's failure to satisfy these requirements bars plaintiff from bringing his claim in this Court.

In his opposition to defendant's motion to dismiss, Plaintiff concedes that his suit can only be deemed timely filed under the FTCA if he satisfies the requirements of Section

2679(d)(5).  Pl.'s Opp. at 3.  Recognizing that he did not meet the exact requirements of that provision, plaintiff argues that he "substantially and essentially performed" its requirements.  *Id.*  Plaintiff asserts that he was "more diligent than required" by the statute, and that he "voluntarily dismissed the case to achieve the result dictated by 28 U.S.C. § 2679(d)(5) more quickly and efficiently, and without any prejudice to the USPS or any other party."  *Id.* at 4.  Plaintiff argues that the defendant's motion should be denied on those grounds.  *Id.* at 5.

The Court disagrees.  Section 2679(d)(5) unquestionably contains threshold requirements that apply in this case: that there is "an action or proceeding in which the United States is substituted as the party defendant" that "is dismissed for failure first to present a claim" to the proper administrative agency.  28 U.S.C. § 2679(d)(5).  Plaintiff clearly fails to meet those conditions.  The United States was never substituted as the defendant in the state court action and, as a result, the case was not dismissed for failure to present a claim to the USPS.  Rather, instead of requiring the government to substitute the United States as the defendant in place of Ms. Binger, plaintiff voluntarily dismissed the case.  Accordingly, plaintiff has failed to meet the requirements of Section 2679(d)(5).

Although plaintiff does not argue that equitable tolling should apply to his claim,[2] plaintiff argues essentially that because he "substantially complied" with Section 2679(d)(5), his case should not be dismissed.  The law, however, requires more than substantial compliance.  "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see Seitu v. Rutherford*, No. 96-cv-575, 1997 WL 122919, at *1 (D.D.C. Mar. 12, 1997) ("As a waiver of sovereign

---

[2] In its motion to dismiss, defendant argued that equitable tolling should not apply to plaintiff's claim.  Def.'s Br. at 5.  Because plaintiff failed to respond to this argument in his opposition to defendant's motion to dismiss, it is deemed conceded.  "It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Even if plaintiff had not conceded the argument, however, plaintiff has failed to demonstrate, or even plead, that he exercised any diligence in preserving his legal rights.  *See Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (affirming denial of equitable tolling in FTCA case and recognizing that such relief is granted "only sparingly" and is generally denied "where a plaintiff failed to exercise due diligence in preserving his legal rights").  Plaintiff only alleges that he "first discovered" that Ms. Binger was a federal employee on August 26, 2009, the day before he received the USPS letter.  Compl. ¶ 11.  Plaintiff does not allege that he made any effort prior to or during the state court action to identify Ms. Binger's employer.  Where a plaintiff has failed to "make any effort – diligent or otherwise" to identify defendant's employer, equitable tolling is not warranted.  *Norman*, 467 F.3d at 776.  Accordingly, equitable tolling would not have been warranted in this case, even if plaintiff had not conceded that issue by failing to respond to defendant's argument.

immunity, the FTCA's limitations and procedural requirements must be strictly applied."); *see also Martin v. United States*, 439 Fed. App'x 842, 844-845 (11th Cir. 2011) (strictly construing Section 2679(d)(5) to affirm dismissal of FTCA claim where plaintiff chose to voluntarily dismiss her first state court suit and file an action in federal court rather than substituting the United States as a defendant in her original state court action).  Plaintiff cites no basis for the Court to make an exception to the strict requirements of the FTCA in this case.  By asserting that he dismissed the state court suit deliberately, "to achieve the same result" as Section 2679(d)(5), (Pl.'s Opp. at 4), plaintiff demonstrates only that he knew what the rules required, but declined to follow them.

**IV.   CONCLUSION**

Because the clear language of Section 2679(d)(5) requires the United States to have been substituted a party defendant in the original action and also requires that the original action be dismissed, rather than voluntarily withdrawn, plaintiff's claim cannot be saved by that exception.  Therefore, his administrative claim, filed more than two years after his claim arose, is time-barred.  Accordingly, this Court lacks jurisdiction to hear plaintiff's claim, and defendant's motion to dismiss is **GRANTED**.

        **Signed:     Emmet G. Sullivan**
                     **United States District Judge**
                     **August 7, 2012**